**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**United States of America,**

      **v.**                                **Case No. 2:23-cr-80(2)**

**Lewis Ruffin,**                        **Judge Michael H. Watson**

      **Defendant.**

**<u>OPINION AND ORDER</u>**

Lewis Ruffin ("Defendant") is charged with conspiring to distribute and possess with intent to distribute methamphetamine and fentanyl and with conspiring to use a communication facility in the commission of a drug felony. Superseding Indictment, ECF No. 124. Trial is currently scheduled for January 22, 2024.

**I.      MOTION TO SUPPRESS**

Defendant now moves to suppress video and photograph evidence as well as any statements (either out-of-court or in-court) identifying Defendant as the person in the videos and photos. Mot. Suppress, ECF No. 120. Specifically, Defendant attaches to his motion three investigative reports, dated January 23, 2023 ("Ex. A"), January 24, 2023 ("Ex. D"); and February 16, 2023 ("Ex. B"), and a discovery production log ("Ex. C").

As an initial matter, the Government responds that no photos, videos, or testimony in connection with Ex. B will be introduced as Ex. B concerns a package mailed on February 14, 2023, which the Government does not believe

was mailed by Defendant. Resp. 3 n.1, ECF No. 123. Because the Government will not argue that Defendant mailed the February 14, 2023 package and will not admit identification evidence suggesting the same, all aspects of Defendant's motion related to the February 14, 2023 package are **DENIED AS MOOT**.

Moreover, Ex. D does not contain an identification of Defendant, and Ex. C is merely a copy of a discovery production log created in this case.[1] Because Exs. D and C do not contain identifications of Defendant, the Court will address only Ex. A.

Ex. A is an investigative report about two packages mailed from California to Ohio on January 9, 2023, which were suspected to contain illegal drugs. Ex. A, ECF No. 120-1. The report states, "[p]er post office video of this mailing investigators believe the mailer [of Package 1] to be Lewis Ruffin (RUFFIN)." *Id.* at PAGEID # 308. The basis for that statement is unknown; without more information, it seems to be based on a lay witness comparison of post office video footage with a photo retrieved from Defendant's Facebook page. *See id.* at PAGEID # 308–10.

As for Package 2, the report states, "[p]er post office video of this mailing investigators believe the mailer of PARCEL 2 to also be RUFFIN . . . ." *Id.* at

---

[1] The fact that a report identifying co-defendant Terion McPherson as the mailer of a package (Ex. D) was uploaded in a folder on the Government's discovery production log labelled "Ruffin Mailing Videos," *see* Mot. 6–8, in no way shows the identification statements in Ex. A were unduly suggestive. Defendant's argument about Exs. C and D is meritless.

PAGEID # 311.  This statement seems to be based on the lay witness opinion that the suspect in the video who mailed Package 2 is wearing the same sweatshirt as the suspect in the video who mailed Package 1.  Further, because investigators believed Defendant is the man in the video mailing Package 1, they appear to also believe he is depicted in the video mailing Package 2.

In moving to suppress Ex. A and any statement that Defendant is depicted in the referenced video and photo, Defendant argues that "the identification procedure . . . was unnecessarily suggestive and conducive to irreparable misidentification, in violation of [his] Due Process rights under the United States Constitution."  *Id.* at 1.  Defendant requests an evidentiary hearing.  *Id.*

## I.    ANALYSIS

First, video and photographic evidence will not be suppressed on the grounds that they are unduly suggestive in their identification of Defendant.  Videos and photographs do not "identify" anyone and therefore cannot unduly "suggest" a subject.  Rather, it will be for the trier of fact to watch the videos, observe any photographs, and draw their own conclusion as to whether Defendant is depicted in either.  Indeed, Defendant fails to provide any supported argument to suppress the video or photographs as suggestive, and his motion on this ground is therefore **DENIED**.

The investigators' identifications of Defendant in the videos are another matter.  Defendant and the Government disagree whether the investigators' statements amount to "identifications" versus a "written summary/opinion/belief."

*Compare* Mot. Suppress, ECF No. 120 *with* Resp., ECF No. 123.  As such, Defendant and the Government disagree as to the applicable standard of review. Ultimately, however, the Court is concerned about the statements' relevance.

As noted, the at-issue statements are essentially the investigators' belief that Defendant is the man depicted in two videos from United States Post Offices.  To the extent that belief is based on anything other than a lay opinion, the basis for that belief is unknown at this point.  To the extent it is based on a lay opinion, the investigators' belief is likely not relevant.  *See* Fed. R. Evid. 401 (defining relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."); Fed. R. Evid. 701 (permitting lay opinions that are, *inter alia*, "helpful to . . . determining a fact in issue[.]"); *United States v. Dixon*, 413 F.3d 540, 545–46 (6th Cir. 2005) (explaining that lay opinion testimony identifying a defendant from a surveillance photo is typically admissible only when the witness is more likely to better identify the defendant than the jury and explaining the factors for such a consideration).  That is, absent further explanation of the investigators' familiarity with Defendant, the investigators' opinion about whether Defendant is the man depicted in the videos does not make it any more or less probable that he is that man.  Rather, what matters is whether the jury concludes that Defendant is the man in the videos, and the jury is likely just as capable as the investigators in reaching its own lay opinion on that issue after watching the videos.

For several reasons, however, the Court is unable to definitively rule on the issue at this time.  First, it is not clear from the Government's response whether the Government intends to introduce at trial the entire report (Ex. A), just the at-issue statements, or simply an in-court identification by the investigators. Without knowing the proffered evidence, the Court cannot rule on the admissibility of the same.  Second, the bases for the investigators' identification are not known at this time.  Without that, the Court cannot determine whether the investigators' lay opinion is helpful to the jury.

Accordingly, if the Government intends to introduce the report or the identification statements therein (or in-court opinions that Defendant is the man from the videos), it is **ORDERED** to notify Defendant and the Court at least two weeks prior to trial.  In that notice, the Government must explain how the evidence is admissible under the rule against hearsay and also explain how the investigators are better suited than the jury to identify Defendant from the videos and photographs.  The Court will likely then hold a hearing before ruling on the admissibility of the evidence.

The Clerk shall terminate ECF No. 120 as a pending motion.

**IT IS SO ORDERED.**

_____*/s Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**